IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PATRICK MORGAN PARSONS,      )
                             )
            Plaintiff,       )
                             )
      v.                     )      1:15CV418
                             )
WILLIAM MORRIS,              )
                             )
            Defendants.      )

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Patrick Morgan Parsons brings this action against Defendant William Morris, alleging breach of contract. Before the Court is Plaintiff's Motion for Entry of Default. (ECF No. 6.) For the reasons below, the Court dismisses this matter and denies Plaintiff's motion as moot.

**I.    BACKGROUND**

On May 28, 2015, Plaintiff filed this lawsuit, *pro se,* alleging that on August 2, 2011 Defendant borrowed $4,500 from Plaintiff to be repaid over the course of seven (7) months, beginning August 21, 2011 and ending February 21, 2012. Plaintiff alleges in his Complaint that the Defendant breached the written agreement signed by the parties on August 2, 2011, by failing to make payments as required by the agreement. (Complaint, ECF No. 2.) On May 28, 2015, a Summons was issued by the Clerk of Court addressed to the Defendant. (ECF No. 3.) On June 3, 2015, Plaintiff filed an Affidavit of Service, with tracking

information from the United States Postal Service, showing that Defendant was duly served via U.S. mail. (ECF No. 5.) To date, Defendant has not filed an Answer or other responsive pleading, and on June 11, 2015, Plaintiff moved for Entry of Default against Defendant. (ECF No. 6.)

**II.    DISCUSSION**

Before ruling on Plaintiff's Motion, the Court must, as a threshold matter, be satisfied that it has jurisdiction over the subject matter of Plaintiff's claims. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95(1998); Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). This requirement is "inflexible and without exception" and "because it involves a court's power to hear a case, can never be forfeited or waived." Mansfield, C. & L.M. Railway Co. v. Swan, 111 U.S. 379, 382 (1884); United States v. Cotton, 535 U.S. 625, 630 (2002). The Fourth Circuit has consistently held that "[f]ederal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968); Goldsmith v. Mayor & City Council of Baltimore, 845 F.2d 61, 63-64 (4th Cir. 1988). Accordingly, a federal court must dismiss an action in its entirety when it concludes that it lacks subject-matter jurisdiction. Fed. R. Civ. Pro. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

In the instant case, the Plaintiff has filed a Complaint asserting diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (Complaint, ECF No. 2.) The Defendant has not filed an Answer or other responsive pleading. Thus, neither party has raised the issue of whether this Court has subject-matter jurisdiction. However, even in the absence of a jurisdictional

challenge raised by the parties themselves, the court may, at any point in the proceedings, raise concerns of subject-matter jurisdiction *sua sponte*. Brickwood Contractors, Inc. v. Datanet Eng'g Inc., 369 F.3d 385, 390 (4th Cir. 2004); United States v. White, 139 F.3d 998, 999-1000 (4th Cir. 1998). See also, Fed. R. Civ. P. 12(h)(3). Moreover, it is well-settled that the Court "has an independent obligation to assess its subject-matter jurisdiction" in order to ensure that it has the power to hear a case. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005); Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010).

Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States". 28 U.S.C. § 1332(a). Here, based on Plaintiff's Complaint, the parties are citizens of different states -- Plaintiff is a citizen of North Carolina and Defendant is a citizen of Texas. The question then becomes whether the amount in controversy is sufficient to confer subject-matter jurisdiction over Plaintiff's claim. In answering this question, the court is generally limited to viewing the claim on the basis of the pleadings alone, and "the sum claimed by the plaintiff controls the amount in controversy determination." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (internal citations omitted)).

In this matter, Plaintiff claims $7,279.02 in damages, exclusive of interest and costs. This sum is far below the required jurisdictional minimum of an amount which exceeds

$75,000, exclusive of interest and costs. In light of this deficiency, the Court lacks subject-matter jurisdiction over Plaintiff's claim and dismissal of the matter is warranted.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, and the Motion for Entry of Default is DENIED as moot. A Judgment dismissing this action will be entered contemporaneously with this Order.

This, the 14th day of August, 2015.

/s/ Loretta C. Biggs
United States District Judge
